Thomas J. TRIOLA, Plaintiff–
Appellant,

v.

John SNOW, Secretary of the Treasury
of the United States of America,
Defendant–Appellee.

No. 06–4442–cv.

United States Court of Appeals,
Second Circuit.

June 26, 2008.

Lawrence Solotoff, Solotoff & Solotoff, Great Neck, NY, for the Plaintiff–Appellant.

Vincent Lipari, Assistant United States Attorney (Steven Kim, Assistant United States Attorney, of counsel; Roslynn R. Mauskopf, United States Attorney, on the brief) United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for the Defendant–Appellee.

Present: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. MARK R. KRAVITZ, District Judge.*

## SUMMARY ORDER

Plaintiff–Appellant Thomas J. Triola appeals from a judgment by the United States District Court for the Eastern District of New York (Irizarry, J.) in favor of Defendant–Appellee the Secretary of the Treasury, after a bench trial. Mr. Triola is a former special agent with the United States Customs Service. He filed an informal complaint with a Customs Equal Employment Opportunity ("EEO") counselor on May 8, 1998, claiming that he was improperly excluded from the "Best Qualified" ("BQ") lists for promotion in July 1997 and September 1997 due to his age. Mr. Triola subsequently alleged that after he complained about age discrimination, he suffered retaliation in several forms, described in greater detail below. The district court dismissed Mr. Triola's age discrimination claims before trial, and those claims are not the subject of this appeal. The court tried Mr. Triola's retaliation claims without a jury, and dismissed the retaliation claims arising before November 25, 1998 at the close of Mr. Triola's case. At the end of trial, the district court dismissed the remainder of Mr. Triola's retaliation claims. During the course of the trial, the district court also excluded certain documents Mr. Triola wished to submit in support of his claims. Mr. Triola's arguments on appeal challenge the rejection of his pre-November 25, 1998 retaliation claims, the rejection of his post-November 25, 1998 retaliation claims, and certain of the district court's evidentiary rulings.

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

Before turning to the merits of Mr. Triola's claims, we must address a preliminary issue. The district court appears to have assumed that the provision of the Age Discrimination in Employment Act ("ADEA") applicable to the federal government, 29 U.S.C. § 633a, prohibits retaliation against federal employees who complain of age discrimination. Other courts of appeals had come to differing conclusions on this question, *compare Gomez–Perez v. Potter*, 476 F.3d 54, 57–60 (1st Cir.2007), *with Forman v. Small*, 271 F.3d 285, 295–99 (D.C.Cir.2001), and we noted the issue without deciding it in *Bornholdt v. Brady*, 869 F.2d 57, 62 (2d Cir.1989). In light of the circuit split, the Supreme Court took up the question in *Gomez–Perez v. Potter*, —— U.S. ——, 128 S.Ct. 1931, 170 L.Ed.2d 887 (2008), where it recently held that the ADEA permits a cause of action for retaliation against federal employees who complain of age discrimination. *See id.* at 1935, 1941 ("Under the reasoning of *Sullivan [v. Little Hunting Park, Inc.*, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969)]*, retaliation for complaining about age discrimination, is discrimination based on age, just as retaliation for advocacy on behalf of the black lessee in *Sullivan* was discrimination on the basis of race.") (quotation marks and alteration omitted).

A plaintiff asserting retaliation under the ADEA must prove the following: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) adverse employment action; and (4) a causal connection between plaintiff's protected activity and the adverse employment action." *Gordon v. N.Y. City Bd. of Educ.*, 232 F.3d 111, 113 (2d Cir. 2000). With respect to the pre-November 25, 1998 claims, the district court found at the close of Mr. Triola's case that he had failed to prove knowledge of his protected activity on the part of his supervisor, whom Mr. Triola claimed retaliated against him. With respect to the post-November 25, 1998 claims, the district court found at the end of the trial that Mr. Triola had in some cases failed to demonstrate that the complained-of action was materially adverse, in some cases failed to demonstrate a causal connection between his protected activity and the alleged retaliation, and in some cases failed to rebut the legitimate, non-retaliatory explanations offered by the various decision-makers of his employer.

Under Rule 52(c) of the *Federal Rules of Civil Procedure*, "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim ... that, under the controlling law, can be maintained ... only with a favorable finding on that issue." We review a district court's Rule 52(c) judgment for clear error with respect to the district court's finding of fact, and *de novo* with respect to its conclusions of law. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 960 (2d Cir.1998) (per curiam). In determining whether the district court made a clear error of fact, "[t]he decisions as to whose testimony to credit and which of permissible inferences to draw are solely within the province of the trier of fact, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Ceraso v. Motiva Enters., LLC*, 326 F.3d 303, 316–17 (2d Cir.2003) (quotation marks and alteration omitted).

The district court found that there was "no evidence that Joseph King, Mr. Triola's immediate supervisor, was aware of the informal complaint that [Mr. Triola] filed on May 8, 1998 or of his meeting with the EEO counselor on that date." Rather, the court, relying on Mr. King's affidavit, found that Mr. King first became aware of

Mr. Triola's complaint on November 25, 1998. Accordingly, on the ground that Mr. Triola had failed to establish the knowledge requirement of a *prima facie* case of retaliation, the court dismissed Mr. Triola's claims of retaliation prior to November 25, 1998.

The district court's understanding of the factual showing required to satisfy the knowledge requirement of a retaliation claim was mistaken, however. For as this Court reiterated in *Patane v. Clark,* 508 F.3d 106 (2d Cir.2007) (per curiam), "neither this nor any other circuit has ever held that, to satisfy the knowledge requirement, anything more is necessary than general corporate knowledge that the plaintiff has engaged in a protected activity." *Id.* at 115 (quotation marks omitted); *see also Gordon,* 232 F.3d at 117. Rather, the knowledge element is satisfied when a plaintiff has "complained directly" to another employee "whose job it was to investigate and resolve such complaints." *Patane,* 508 F.3d at 115; *see also Reed v. A.W. Lawrence & Co., Inc.,* 95 F.3d 1170, 1178 (2d Cir.1996) ("[B]y complaining to an officer of the company . . . and maintaining her complaint during the subsequent internal investigation of the matter, the plaintiff was in effect communicating her concerns about Infantino's comments to Lawrence. . . ."). There is no dispute that Mr. Triola met with a Customs EEO counselor and filed an informal complaint on May 8, 1998. Thus, the district court erred in concluding that Mr. Triola's filing of first an informal and later a formal EEO complaint in September 1998 was insufficient to satisfy the knowledge requirement of the *prima facie* case.

Mr. King's actual knowledge of Mr. Triola's complaint certainly is relevant to the fourth element of a *prima facie* case, namely the existence of a causal connection between the protected activity and the adverse action, and to the ultimate question of whether retaliation played a motivating role in Mr. King's action. However, the district court did not address these issues in its ruling on the pre-November 1998 claims; nor did the court consider all of the circumstantial evidence Mr. Triola offered to demonstrate a causal connection between his complaints of discrimination and the retaliation he allegedly suffered. Instead, the court erroneously relied entirely on Mr. King's lack of knowledge of Mr. Triola's protected activity. We therefore vacate and remand the portion of the district court's ruling addressing Mr. Triola's pre-November 1998 retaliation claims so that the district court may in the first instance consider whether Mr. Triola proved a causal connection between his protected activity and the adverse action, and whether retaliation played a motivating role in Mr. King's action.

Mr. Triola also challenges other rulings by the district court, and we find no merit to any of those arguments. The first challenge relates to the district court's rejection of Mr. Triola's retaliation claims after November 1998. These claims were based on several acts of alleged retaliation: Mr. Triola's transfer to JFK Airport in 1999; the denial of Mr. Triola's request to be transferred to RAIC/Long Island; Mr. Triola's removal from the PTI case in 1999; retention of Mr. Triola's official personnel file and the resulting delay in his retirement; and the detail assignments Mr. Triola received after November 1998. The court found that the transfer to JFK was not materially adverse and that in any event, Mr. King was not responsible for transferring Mr. Triola (and that Mr. Triola knew that fact). Further, Mr. Triola never requested a transfer to RAIC/Long Island from Marvin Walker, who *did* have responsibility for transferring him, and so the district court held that Mr. Triola had failed to show a causal nexus between his EEO activity and his transfer to JFK and

not to Long Island. The court also credited Mr. King's explanation of the administrative reasons requiring Mr. Triola's removal from the PTI case (to which he was later returned), and Todd Smith's (a Customs attorney) assertion that he did not intentionally retain Mr. Triola's file in order to delay his retirement. With respect to the detail assignments, the district court again found that Mr. Triola had failed to demonstrate that they were materially adverse (as opposed to simply not preferred by him), and had failed to offer any proof of detail assignments beyond the two listed in his complaint, and in any event failed to show a causal nexus. Victoria Ovis, a supervisor, was responsible for his assignment to those details, not Mr. King, and there was no claim of retaliation on her part. Given that all of these determinations were based on the credibility of the witnesses and are supported by the record, the Court hereby affirms the district court's rejection of Mr. Triola's retaliation claims post-dating November 1998. *See Ceraso*, 326 F.3d at 316–17.

The remaining issues are evidentiary. Mr. Triola's name was included on the June 1998 BQ list, unlike the earlier September 1997 BQ list, but when Mr. Triola was not ultimately chosen for the position, he claimed retaliation. The district court excluded the June 1998 BQ list because the June 1998 BQ list was not identified in the complaint or in any of the four joint pretrial orders, and because Mr. Triola's prior counsel withdrew any claims based on that list. Further, all the names on the list but Mr. Triola's were redacted, and the court considered the list to support only Mr. Triola's age discrimination claims, which had already been dismissed. The district court acted well within its discretion in excluding the June 1998 BQ list. *See PRL USA Holdings, Inc. v. U.S. Polo Ass'n, Inc.*, 520 F.3d 109, 119 (2d Cir.2008) (stating that the balancing test of *Federal Rule of Evidence* 403 "necessarily affords

the trial court considerable discretion"); *Madeira v. Affordable Housing Found., Inc.*, 469 F.3d 219, 250 (2d Cir.2006) ("We review the district court's evidentiary rulings under a deferential abuse of discretion standard and give district court judges wide latitude in determining whether evidence is admissible at trial.") (quotation marks omitted).

Finally, the district court excluded some supporting documents Mr. Triola sought to introduce, Exhibits 20–25 and 27. The first group of exhibits related to the way the EEO conducted its investigation and dismissed Mr. Triola's second complaint as time-barred. None of these exhibits was particularly relevant to Mr. Triola's claims of retaliation, and the district court certainly did not err in excluding them. Exhibit 27 includes Mr. Triola's response to an email from Mr. King (Ex. 26), in which Mr. King told Mr. Triola that he had failed properly to close out three of his cases. Although Mr. Triola's response and the attached photocopies of the close-out forms from the files were certainly relevant (Mr. Triola argued that they showed that King was hostile toward and retaliating against him), the court excluded these documents in part because there was no date on them to show when they had been created. Nevertheless, Mr. Triola was allowed to testify as to his response to Mr. King's email, so long as he did not seek to admit the documents themselves. Once again, the district court acted well within its discretion in ruling on the admissibility of Exhibit 27. We, therefore, find no error in the district court's evidentiary rulings.

In conclusion, then, we VACATE the district court's dismissal of Mr. Triola's pre-November 25, 1998 retaliation claims and REMAND for further consideration of those claims. We have considered all of the other arguments presented by Mr. Triola in his appeal and find them to be

without merit. We therefore AFFIRM every other aspect of the district court's judgment.